## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**LEVON ELAM**, on behalf of himself and
others similarly situated,           )
                                     )     Case No. 5:21-cv-01517
      Plaintiff,                     )
                                     )     JUDGE JOHN R. ADAMS
      v.                             )
                                     )     **ORDER GRANTING APPROVAL OF
**GARDNER PIE CO.**,                   )     FLSA SETTLEMENT**
                                     )
      Defendant.                     )

This matter is before the Court on the Parties' Joint Motion for Approval of FLSA (Fair Labor Standards Act) Collective Action Settlement ("Joint Motion") pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and Ohio Minimum Wage Standards Act ("OMFWSA"). The Joint Motion asks the Court to approve, as fair and reasonable, the proposed FLSA Collective Settlement reached by Representative Plaintiff Levon Elam and Defendant Gardner Pie Co. (collectively, the "Parties") and memorialized in the Collective Action Settlement Agreement and Release ("Settlement" or "Agreement") attached to the Joint Motion as Exhibit 1.

Having reviewed the Joint Motion, the Agreement and its Exhibits, the Declaration of Hans A. Nilges, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Stipulated Order approving the Agreement, the proposed Service Award, and the proposed attorneys' fees and expense reimbursements to Plaintiffs' Counsel, as follows:

1.      Unless otherwise defined, all terms used in this Order have the same meanings as defined in the Settlement Agreement.

2.      On August 4, 2021, Representative Plaintiff filed this lawsuit, on behalf of himself and others similarly situated, asserting claims against Defendant under the FLSA and the Ohio

Minimum Fair Wage Standards Act.  On November 2, 2021, Defendant filed its Answer in which it denied all claims.

3.      The Parties reached an agreement to settle this case on or about July 5, 2022.  The terms of settlement, which are reflected in the Agreement fully and finally settles and resolves this action and results in the dismissal of this lawsuit, with prejudice.

4.      The FLSA Collective Action Settlement will cover the individuals listed in Exhibit A of the Settlement Agreement.

5.      The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation. Plaintiffs' Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the Representative Plaintiff and the Eligible Settlement Participants. The Court has considered all relevant factors, including:(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir.2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir.1983)), *Crawford*, 2008 WL 4724499 at *3.

6.      The Court approves the Agreement and orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The releases, as set forth in the Agreement, as well as all terms of the Agreement, shall be binding on the

Representative Plaintiff and the settlement collective. The Court grants final approval of the FLSA

Collective Action Settlement.

       7.      The Court finds that the proposed allocation and calculation of the settlement

payments to the Claimants are fair and reasonable and approves the proposed distribution of the

settlement payments.

       8.      The Court approves the Service Awards for Representative Plaintiff in recognition

of his services in this Action and as provided in the Settlement Agreement.

       9.      The Court approves the payment of attorneys' fees and expenses to Plaintiffs'

Counsel as provided in the Settlement Agreement.

       10.      The Court orders that Settlement Awards, Service Awards, and attorneys' fees and

costs be distributed in the manner, and subject to the terms and conditions, set forth in the

Settlement Agreement.

       11.      The Court dismisses this matter with prejudice and enters final judgment. The Court

finds there is no just reason for delay and directs the Clerk of the Court to enter this Order Granting

Approval of FLSA Settlement immediately.

       12.      The Court retains jurisdiction over this Action to enforce the terms of the

Settlement, including the notice administration and distribution process.

**SO ORDERED:**

Date:    October 12, 2022               */s/ John R. Adams*

                                                Honorable John R. Adams
                                                United States District Judge